**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 3:25-cr-00054-1 |
| : | |
| v. : | |
| : | Judge Thomas M. Rose |
| DEVONTE WYATT *et al.*, : | |
| : | |
| Defendants. : | |

---

**ENTRY AND ORDER DENYING MOTION FOR *FRANKS* HEARING**

---

On November 18, 2025, the Court held a hearing regarding Defendant Devonte Wyatt's ("Defendant") Motion for *Franks* Hearing. (*See* Doc. No. 35.) A condition precedent to conducting a *Franks* Hearing is that "the defendant make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *see United States v. Bryant*, No. 20-CR-094, 2021 WL 671521, at *9 (S.D. Ohio Feb. 21, 2021) ("A defendant must make a substantial preliminary showing as a threshold matter to trigger a *Franks* hearing."), aff'd, 2022 WL 1008837 (6th Cir. Apr. 4, 2022). A substantial preliminary showing of material omission may also serve as grounds to conduct a *Franks* Hearing. *See United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013) ("A defendant is entitled to a *Franks* hearing if he . . . proves that the false statement or material omission is necessary to the probable cause finding in the affidavit."). At the hearing, the Court orally denied Defendant's Motion for *Franks* Hearing for failure to make a substantial preliminary showing.

Accordingly, to memorialize the hearing held on November 18, 2025, the Court hereby

**DENIES** Defendant's Motion for *Franks* Hearing (Doc. No. 35.)

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, November 20, 2025.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
