**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:25-cr-00054 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DEVONTE WYATT *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER MEMORIALIZING HEARING, GRANTING
DEFENDANT VAUGHN'S MOTION IN LIMINE (DOC. NO. 47), AND
GRANTING GOVERNMENT'S MOTION IN LIMINE (DOC. NO. 48)**

---

On March 3, 2026, the Court held a hearing regarding Defendant Dalan Vaughn's ("Vaughn") Motion in Limine ("Vaughn's Motion") (Doc. No. 47), along with the Government's Motion in Limine ("Government's Motion") (Doc. No. 48) (collectively, the "Motions"). This Order serves to memorialize said hearing and dispose of the aforementioned Motions.

On February 16, 2026, Vaughn filed his Motion, requesting that the Court "exclude from evidence at trial all evidence referring or relating to [] Vaughn derived from the bifurcated nature of the pretrial disclosure of evidence by the Government." (Doc. No. 47 at PageID 299.) In other words, Vaughn seeks exclusion of any evidence referencing Vaughn found in the discovery only provided to Devonte Wyatt ("Wyatt"), Vaughn's co-defendant. (*Id*. at PageID 299–300.) The Government responded to Vaughn's Motion on February 19, 2026. (*See* Doc. No. 49.) In its Response, the Government assures Vaughn that "it does not intend to impute or suggest that any evidence arising from or derived from the evidence disclosed only to [] Wyatt will necessarily be imputed to [] Vaughn." (*Id*. at PageID 313.) At the hearing, neither Vaughn nor the Government

1

put forth any further evidence to supplement their respective filings. Given the uncontested nature of this matter, the Court sees no issue in limiting the Government's evidence used to implicate Vaughn to that which was disclosed to Vaughn during the discovery period. Accordingly, the Court hereby **GRANTS** Vaughn's Motion in Limine (Doc. No. 47).

On February 17, 2026, the Government filed its Motion in Limine (Doc. No. 48), by which it seeks to admit evidence of an uncharged incident which occurred on December 6, 2023, along with evidence gleaned from a search of Wyatt's Instagram account. (Doc. No. 48 at PageID 309.) For its primary argument in favor of admission, the Government maintains its proffered evidence—the December 2023 event and the Instagram posts—qualifies as intrinsic evidence and is therefore admissible.[1] (*Id*. at PageID 305–06.) Alternatively, and in the event the Court were to find the evidence extrinsic, the Government seeks to admit its proffered evidence pursuant to Federal Rule of Evidence 404(b)(2). (*Id*. at PageID 307–09.) Neither Wyatt nor Vaughn filed a response to the Government's Motion. And at the hearing, neither the Government nor either Defendant sought to supplement their positions with argument. Finding the Government's Motion well-taken, the Court hereby **GRANTS** the Government's Motion in Limine (Doc. No. 48).

Accordingly, to memorialize the hearing held on March 3, 2026, the Court hereby **GRANTS** Vaughn's Motion in Limine (Doc. No. 47), **GRANTS** the Government's Motion in Limine (Doc. No. 48), and further **FINDS** as follows:

1. The Government is **ORDERED** to limit its trial evidence in its case against Vaughn to the evidence produced to Vaughn during the discovery period.

---

[1] The Government poses an alternative argument in favor of admitting *res gestae* evidence as one separate and distinct from its argument advocating for admission of intrinsic evidence. (*See* Doc. No. 48 at PageID 306–07.) Because the Sixth Circuit has treated these doctrines as one, the Court here does the same. *See United States v. Gibbs*, 797 F.3d 416, 423 (6th Cir. 2015) ("*Res gestae* evidence, also described as 'background' or 'intrinsic' evidence, is 'an exception' to the Rule 404(b) bar on propensity evidence." (quoting *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013))).

2.  The evidence for which the Government's Motion seeks admission—namely, the December 2023 event and evidence gleaned from the search of Wyatt's Instagram account—is **ADMITTED** as intrinsic evidence.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 4, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE